IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03083-GPG

KEYONNA L. MOORE,

    Plaintiff,

v.

CIVIL TECHNOLOGY, INC., and
CARL BOURGEIOS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Keyonna L. Moore, has filed *pro se* a Title VII Complaint (ECF No. 1). The court must construe the complaint liberally because Ms. Moore is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Moore will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    The complaint is deficient. First, Ms. Moore fails to provide an address where each Defendant may be served.

    The complaint also is deficient because Ms. Moore fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Moore fails to provide a short and plain statement of her employment discrimination claims asserted pursuant to Title VII showing she is entitled to relief. In particular, Ms. Moore fails to allege specific facts that demonstrate her rights under Title VII have been violated because she does not allege she suffered employment discrimination on the basis of her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1).

Construing the complaint liberally, Ms. Moore may be attempting to assert a whistleblower retaliation claim under the federal False Claims Act. However, her allegation that her former employer made a false statement to the Colorado Department of Labor and Employment regarding her termination does not support a claim under the federal False Claims Act. *See* 31 U.S.C. § 3729. Furthermore, if Ms. Moore is attempting to assert a claim pursuant to the federal False Claims Act, she may not sue

2

in her own name because claims under the False Claims Act "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Thus, Ms. Moore may not bring her own individual claims of employment discrimination in an action pursuant to the False Claims Act.

Finally, any claim Ms. Moore seeks to assert pursuant to the federal False Claims Act also must comply with the heightened pleading requirement in Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Pursuant to Rule 9(b) a complaint alleging fraud must set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences of the false statements. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Ms. Moore must file an amended complaint. Ms. Moore must identify the specific claims she is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits

and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Ms. Moore file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Ms. Moore shall obtain the appropriate court-approved pleading form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Moore fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED November 18, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge