IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03083-GPG

KEYONNA L. MOORE,

     Plaintiff,

v.

CIVIL TECHNOLOGY INC., a Colorado Corporation, and
CARL BOURGEOIS, individually, and in his official capacity as Owner,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

Plaintiff, Keyonna L. Moore, initiated this action by filing *pro se* a Title VII Complaint (ECF No. 1) seeking damages and reversal of the decision to terminate her employment. On November 18, 2014, the court entered an order directing Ms. Moore to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure if she wishes to pursue her claims in this action. The court noted that Ms. Moore failed to allege specific facts that demonstrate her rights under Title VII have been violated because she did not allege she suffered employment discrimination on the basis of her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1).

On December 10, 2014, Ms. Moore filed a first "Amended Complaint" (ECF No. 6) asserting a violation of the Colorado Employment Security Act and a tort claim for defamation by libel. As relief Ms. Moore sought damages and an order "to demand the plaintiff to stop the distribution of libel" and "to reverse the Employment Termination."

(ECF No. 6 at 5.)  Ms. Moore asserted diversity jurisdiction over her claims in the first "Amended Complaint" pursuant to 28 U.S.C. § 1332.  On December 18, 2014, the court ordered Ms. Moore to show cause why the first "Amended Complaint" and the action should not be dismissed for lack of subject matter jurisdiction because there is no diversity of citizenship and Ms. Moore did not assert any claims over which the court has original jurisdiction pursuant to 28 U.S.C. § 1331.

On January 16, 2015, in response to the court's order to show cause, Ms. Moore filed a second "Amended Complaint" (ECF No. 8).  She alleges in the second "Amended Complaint" that the court has subject matter jurisdiction over this action because her claims arise under Title VII of the Civil Rights Act of 1964.

The court must construe the second "Amended Complaint" liberally because Ms. Moore is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

The court has subject matter jurisdiction over employment discrimination claims under Title VII pursuant to 28 U.S.C. § 1331.  Therefore, the show cause order will be discharged.  However, the second "Amended Complaint" remains deficient for other reasons.  Ms. Moore will be given one more opportunity to file a proper pleading that provides a short and plain statement of her claims in this action.

The second "Amended Complaint" is deficient because, assuming this action arises under Title VII as Ms. Moore contends, she must use the court-approved Title VII pleading form.  *See* D.C.COLO.LCivR 5.1(c) ("If not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions

2

posted on the court's website").  Ms. Moore also must provide an address where each Defendant may be served.

Most importantly, the second "Amended Complaint" is deficient because Ms. Moore fails to provide a short and plain statement of any Title VII claims showing she is entitled to relief.  The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Moore asserts two claims for relief in the second "Amended Complaint."  As background for her claims she alleges she was terminated from her employment on May 23, 2014; her employer stated her employment was terminated because her technical skills failed to meet the needs of her position; and she applied to the Colorado Department of Labor for unemployment compensation benefits after being terminated. She contends in her first claim that Defendant violated the Colorado Employment Security Act and her right to work by providing false information to the Colorado Department of Labor in connection with her unemployment compensation claim.  Ms. Moore's second claim primarily describes a tort claim for defamation by libel, although she includes within the second claim vague and conclusory allegations that could implicate her rights under Title VII.  In particular, Ms. Moore alleges that she is a disadvantaged African-American female and that males who do not share these protected characteristics received preferential treatment.  However, Ms. Moore does not allege specific facts that demonstrate she was treated differently or terminated because of her status as a disadvantaged African-American female.  As a result, she fails to give Defendants fair notice of whatever Title VII claims she may be asserting against them. Ms. Moore similarly fails to provide a short and plain statement of her state law claims that demonstrate she is entitled to relief in this action.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.");

*Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations."  *Hall*, 935 F.2d at 1110.  Accordingly, it is

ORDERED that the Order to Show Cause (ECF No. 7) is discharged.  It is

FURTHER ORDERED that Ms. Moore file, **within thirty (30) days from the date of this order**, a third amended complaint that complies with this order.  It is

FURTHER ORDERED that Ms. Moore shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Moore fails within the time allowed to file a third amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 11, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge